IN THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT

**UNITED STATES,**

**V.**                                                              **19-1948**

**WADE BONK, DEFENDANT**

**APPELLANT'S EMERGENCY MOTION FOR BLANKET/PLENARY RELEASE TO CJA APPELLATE COUNSEL OF ALL DISTRICT COURT SEALED DOCUMENTS OF THE INDICTMENT (USDC CD IL No. 17cr10061-1, -2, AND -3) UNDER WHICH APPELLANT BONK AND TWO CO-DEFENDANT WERE PROSECUTED, ENTERED PLEAS OF GUILTY, AND WERE SENTENCED**

---

1. Undersigned Steven H. Jesser, Attorney at Law, P.C. was appointed by the Court on 8/15/2019 to represent Appellant Wade Bonk on appeal and under CJA, and to immediately communicate with him, which he undertook, as well as undertaking immediate and thorough review of the district court PACER docket documents. It is always a privilege and honor for Jesser to be appointed USCA CJA counsel, as he has been in USCA 4 and 6 and 7 and 8 and 11, in all of which he is admitted. It is a privilege and honor to even practice before this Court, no matter how long one may practice.

2. Bonk was prosecuted with two co-defendants under the same indictment, USDC CD IL No. 17cr10061. All three defendants pled guilty to federal narcotics sentences. Bonk was sentenced to a prolonged term, and appealed thereafter.

3. Jesser observed many sealed docs. on the dockets for the three co-defendants. As this Court inherently demands of all attorneys who appear before it, especially appointed under CJA, Jesser is <u>thorough</u>, and appellate <u>thoroughness inherently requires</u> counsel's review of ALL docs. in a client's district court action, including review of co-defendant's entire docketed documents, where they are sentenced for the same conduct alleged under the same indictment (see paragraph 7. below). Otherwise, appointed appellate counsel is impeded in performing his or her duties as criminal appellate counsel.

1

4. Jesser cannot analyze or rule out what non-frivolous assignments of error exist, or not, without review of ALL docketed documents in a client's docketed court file. Jesser cannot have others deem what Jesser may review and what he may not review, if Jesser is to properly discharge his ethical duties to Bonk, whose previous attorney was <u>ordered</u> by the court to <u>show cause</u> why he had not promptly ordered a transcript, following judgment. For others to decide what Jesser is allowed to review and not review within the highly-restricted sphere of one indictment of three defendants would serve to <u>compromise and emasculate</u> competent criminal appellate representation.

5. On 9/1/2019 Jesser filed an emergency motion in the district court, as annexed as Exhibit A, for immediate release to Jesser of all sealed documents for all three co-defendants. Jesser explained to the Court that the <u>emergency</u> was that USCA 7 ordered filing of the opening brief by <u>10/7/2019</u>.

6. While Jesser has prosecuted or defended more than 115 civil and felony/state and federal appeals in IL, WI, USCA 4 and 6 and 7 and 8 and 11 and Federal Circuit, and has requested extensions at times for meritorious reasons explained to appeals courts, Jesser <u>takes very seriously</u> USCA 7 deadlines, and seeks to avoid motions for extensions, since the Court disfavors extensions, and has dramatically reduced over years its prior backlog.

7. Even date 9/5/2019 the district order entered an order thereupon, annexed as Exhibit B, Doc. 163, allowing CJA-counsel Jesser access to numerous sealed documents, but not access to the many other documents pertaining to appellant Bonk, and not allowing Jesser access to sealed documents under the same indictment for the two co-defendants, even though Jesser clearly and factually explicated for the district court, *inter alia*, on 9/1/2019 that:

> All other USCA-4, USCA-6, USCA-7, USCA-8 and USCA-11 district courts, including the adjoining United States District Court for the Northern District of Indiana within this Circuit, and at the present time; have allowed Jesser complete, immediate, and unquestioned access to all sealed documents in underlying district court actions appealed-from.

2

> It is completely fundamental and basic and requires no citations to authority that a criminal appellate attorney cannot render effective assistance of counsel without access to each and every document in a court file in an action appealed-from, even more so where he was not trial counsel. Otherwise, if the trial court is to determine what documents appellate counsel can review and cannot review, appellate counsel cannot competently analyze, or rule-out, whether error occurred and whether non-frivolous assignments of error can be made.
>
> Only appellate counsel and not the trial judge can make this determination, and appellate counsel does not have to justify the reasons, or parse-out, each and every needed document, especially since appellate counsel does not know the content of the sealed documents. Even PSI versions have been denied access to Jesser, as well as transcripts, even though, contradictorily, the court recently ordered trial defense counsel to show cause why he had not ordered it, which trial defense counsel then did.
>
> *It is also imperative and beyond question that Jesser requires access to all sealed documents for the two co-defendants' actions, under the very same indictment, alleging the very same facts and offenses. This is for the crucial purpose of analyzing, or ruling-out, whether disparity and/or excessiveness of sentencing was committed by the trial court in separately sentencing the three defendants, upon their pleas. The three defendants could have and likely did have varying criminal backgrounds which the court could have taken into consideration, but undue disparity or excessiveness of sentencing, for a variety of reasons, could be assigned as error (emphasis added).*

8. This latter paragraph was indeed "a specific showing of need for access to the document. *US v Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989)," and does not require "further explication," which "further explication" cannot be made, because Jesser is being denied access to documents whose content he cannot ascertain, because he cannot review them. Query, why does Jesser have to rely on what others advise Jesser are the sealed documents, and not allow Jesser as appellate counsel to review the withheld sealed documents which those others created and are ripe for review?

9. Jesser brings this emergency motion before this Court because this is a matter of basic and fundamental appellate principle, which crucial to appellate's counsel ability to perform his professional responsibilities, and defining of the very role of appellate counsel, that is,

   query, whether (appointed) appellate counsel going to assign error, or not assign error, based upon what appellate counsel can review in his thorough and diligent and scholarly review of a criminal client's court file;

or are others going to deem and decide what Jesser may or may not review in his determination whether <u>those others</u> committed reversible error in the conduct of the trial court proceedings and/or the acceptance of plea, and/or the imposition or disparity or excessiveness of sentence, here for Bonk, in excess of twenty years?

10. Although ordering even date release of certain documents to Jesser *instanter*, the district Court further allowed the United States seven days to file any response. Because the brief is due in 32 days, an emergency continues to exist that Jesser review all sealed documents for all three co-defendants, and not be compelled to file an opening or otherwise brief for appellant, without full knowledge of the subject consolidated indictment's documents.

11. The annexed district court order would require Jesser to parse through and sift and sort through three dockets and re-explicate why he must have access to each and every document which, obviously, he has not been able to review. That tautology is not tenable.

12. As all seasoned trial attorneys learn early or late, often after trial failures, <u>one single document</u> can make or break a lawsuit, or action, or trial, or appeal. Withholding any sealed document from CJA-appointed counsel is plain error, (1) under applicable federal criminal common law, and (2) because it is in direct and plain violation of USDC CD IL's <u>own</u> Local Rule 5.10, to-wit:

> ***The Court does not approve of the filing of documents under seal as general matter.*** (emphasis added)

13. Nevertheless, and directly contradictory to the above, a <u>substantial</u>, even excessive, number of sealed documents exist under this consolidated indictment, for <u>even</u> so <u>basic</u> a document as entered final judgment. State court judges generally oppose on a plenary basis the sealing of documents. There inherently exists a severe differentiation between <u>public</u> need for access to docketed documents, and appointed <u>attorney</u> need for access to docketed documents.

14. Bonk's attorney is not, a stranger to these proceedings, or who cannot be trusted with sealed documents. Jesser has been duly admitted, and an officer, of this Court since 1974. Jesser has

never previously had to move a district court for relief, so that he could perform his assigned professional responsibilities in circuit court.

15. For all foregoing reasons, Bonk urges an order upon the district court to release all sealed documents to undersigned Jesser *instanter*, in consolidated indictment USDC CD CD IL No. 17-10061-1, and -2, and -3.

/s/ Steven H. Jesser

Steven H. Jesser, Attorney at Law, P.C.
2700 Patriot Boulevard, Suite 250
Glenview, IL 60026-8021
847-424-0200/shj@sjesser.com

## Certificate of Service

I hereby certify that on the fifth day of September 2019, I electronically filed the foregoing and within emergency motion with the clerk of the court, using the CM/ECF system, which will send such filing to the United States Attorney, and that I electronically filed the same as an informational or status notice to the court in USDC CD IL No. 17cr10061, which will send such filing to:

James E. Shadid, District Judge

--

Katherine Legge, AUSA
211 Fulton Street, Suite 400
Peoria, IL 61602
Katherine.legge@usdoj.gov

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

UNITED STATES OF AMERICA

V.  17CR10061-1, 2, 3

WADE BONK, DEFENDANT

### EMERGENCY MOTION

### FOR RELEASE OF ALL SEALED DOCUMENTS TO DEFENDANT'S

### USCA-7 CJA-APPOINTED APPELLATE ATTORNEY

1. Steven H. Jesser, Attorney at Law, P.C. moves on an emergency basis for release to him of all sealed documents under indictment 17 CR 10061-1, 2, 3. The emergency is that Jesser was appointed by the United States Court of Appeals for the Seventh Circuit on August 15, 2019 to represent defendant Wade Bonk on appeal, with a brief filing deadline of 10/7/2019. For years, USCA-7 has contracted/reduced its former backlog.

2. The US Attorney did not provide blanket consent to this motion. It does not matter, and is wholly inapposite, if certain few sealed document were withheld from her at the trial level. She is not appellate counsel appointed by the United States Court of Appeal, charged with appellate ethical and legal obligations under CJA and the common law and FRAP.

3. Bonk pled guilty before the court and was sentenced by the court and filed a notice of appeal. Bonk's codefendants Darcy Kampas and Timothy Wood upon the same indictment also pled guilty and were separately sentenced.

4. Jesser has filed more than 115 civil and criminal, state and federal appeals, is long-admitted to practice in this district, many other federal districts, and every federal Circuit Court of Appeals in the country, and has prosecuted many CJA criminal appeals in many federal circuits.

1

EXHIBIT A

1:17-cr-10061-JES-JEH   # 162   Page 2 of 5
1:17-cr-10061-JES-JEH   # 164   Page 7 of 15
Case: 19-1948   Document: 17   Filed: 09/05/2019   Pages: 15

5. <u>All other</u> USCA-4, USCA-6, USCA-7, USCA-8 and USCA-11 district courts, including the adjoining United States District Court for the Northern District of Indiana within this Circuit, and at the present time; have allowed Jesser <u>complete, immediate, and unquestioned access to all sealed documents</u> in underlying district court actions appealed-from. Jesser repeatedly requested the USDC CD IL clerk(s) of the court for release of sealed documents to him, but was refused, and advised to seek a court order, as herein.

6. It is completely fundamental and basic and requires no citations to authority that a criminal appellate attorney cannot render effective assistance of counsel without access to each and every document in a court file in an action appealed-from, even more so where he was not trial counsel. Otherwise, if the trial court is to determine what documents appellate counsel can review and cannot review, appellate counsel cannot competently analyze, or rule-out, whether error occurred and whether non-frivolous assignments of error can be made.

7. Only appellate counsel and not the trial judge can make this determination, and appellate counsel does not have to justify the reasons, or parse-out, each and every needed document, especially since appellate counsel does not know the content of the sealed documents. Even PSI versions have been denied access to Jesser, as well as transcripts, <u>even though, contradictorily</u>, the court recently ordered trial defense counsel to <u>show cause</u> why he had not ordered it, which trial defense counsel then did.

8. It is also imperative and beyond question that Jesser requires access to all sealed documents for the two co-defendants' actions, under the very same indictment, alleging the very same facts and offenses. This is for the crucial purpose of analyzing, or ruling-out, whether disparity and/or excessiveness of sentencing was committed by the trial court in separately sentencing the three defendants, upon their pleas. The three defendants could have and likely did have varying criminal backgrounds which the court could have taken into

consideration, but undue disparity or excessiveness of sentencing, for a variety of reasons, could be assigned as error.

9. For the reasons stated above, Jesser seeks an emergency order, in light of the appellate court's deadline for <u>immediate</u> access to all sealed documents at the Pacer docket for all three said defendants.

The sealed documents are:

<u>Bonk-17cr10061-1:</u>

37
39
105 psi
117 psi
119 psi
118
128
135
136 statement of reasons
143
152
153 transcript

<u>Kampas-17cr10061-2:</u>

2
3
8
13
17
18
36
37
65
70
79
80
82
84
104
109
110
114
148

3

149

Wood-17cr10061-3

2
3
9
15
20
36
37
45
52
54
55
56
57
58
72
88
89
99
100
160

/s/ Steven H. Jesser

Steven H. Jesser
Steven H Jesser, Attorney at Law, P. C.
CJA-U.S.C.A. 7-Appointed Attorney for Timothy Bonk
2700 Patriot Blvd., Suite 250
Glenview, IL 60026-8021
847-424-0200
shj@sjesser.com

## Certificate of Service

I hereby certify that on the first day of September 2019 I I electronically filed the foregoing and within emergency motion with the clerk of the court, using the CM/ECF system which will send a patient of such filing to the following:

James E. Shadid, District Judge

--

Katherine Legge, AUSA
211 Fulton Street, Suite 400
Peoria, IL 61602

4

**Steven H. Jesser**

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Thursday, September 5, 2019 3:53 PM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | Activity in Case 1:17-cr-10061-JES-JEH USA v. Bonk et al Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**CENTRAL DISTRICT OF ILLINOIS**

## Notice of Electronic Filing

The following transaction was entered on 9/5/2019 at 3:53 PM CDT and filed on 9/5/2019
**Case Name:**     USA v. Bonk et al
**Case Number:**   1:17-cr-10061-JES-JEH
**Filer:**
**Document Number:** 163

**Docket Text:**
**ORDER as to Wade Bonk re [162] Emergency MOTION Emergency order to immediately release all sealed documents in 17-10061 to USCA Appointed Attorney Jesser. The Court will allow the United States 7 days from the date of this Order to file a response to Defendant's motion. Entered by Judge James E. Shadid on 9/5/2019. SEE FULL ORDER ATTACHED. (RK, ilcd)**


**1:17-cr-10061-JES-JEH-1 Notice has been electronically mailed to:**

Katherine G Legge      katherine.legge@usdoj.gov, caseview.ecf@usdoj.gov, Margo.L.Scamp@usdoj.gov, Susan.Roper@usdoj.gov

Patrick D Hansen     patrick.hansen@usdoj.gov, CaseView.ECF@usdoj.gov, kayla.hennig@usdoj.gov

Robert A Alvarado    Robert_Alvarado@fd.org, mary_k_ardis@fd.org

Rodney R Nordstrom    jurydoctor@sbcglobal.net

Steven H Jesser    shj@sjesser.com

**1:17-cr-10061-JES-JEH-1 Notice has been delivered by other means to:**

1

**EXHIBIT B**

**The following document(s) are associated with this transaction:**

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=9/5/2019] [FileNumber=3597836-0]
[81e3fad6b989e0d4072ce7e1c80a71138608bd1dc5805d2741715fc1b7525a500f4e
ff4be18c68f433961401672aa82f507b97c868a29853de93a54cf941b0c4]]

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-10061-JES-JEH |
| ) | |
| WADE BONK, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Attorney Steven Jesser was appointed by the Seventh Circuit to represent Defendant Bonk in his appeal. *See United States v. Bonk*, No. 19-1948, Doc. 16 (7th Cir. Aug. 15, 2019). On September 1, 2019, Attorney Jesser filed an Emergency Motion requesting access to all sealed documents in the district court case. Doc. 162. In his Motion, Jesser asserts that "[i]t is completely fundamental and basic and requires no citations to authority that a criminal appellate attorney cannot render effective assistance of counsel without access to each and every document in a court file in an action appealed-from … " and "appellate counsel does not have to justify the reasons, or parse out, each and every needed document[.]" *Id.* at 2. Jesser also represents that he does not have access to essential documents such as the presentence report and transcripts. Jesser further argues that access is needed to sealed documents relating to the two codefendants so that counsel can analyze whether a disparate or excessive sentence was imposed in this case. *Id.* He thus requests an emergency order granting him access to all sealed documents for each of the three Defendants in this case, and lists the sealed documents he is requesting. *Id.* at 3.

Upon receipt of the Emergency Motion, the Court promptly inquired with the Clerk's Office as to whether Attorney Jesser had access to any sealed documents in the district court

case, and, if so, which documents he had access to. The Clerk's Office reported that, on or around August 22, 2019, Mr. Jesser had access to, among others:

- the Presentence Investigation Reports for Defendant Bonk (Docs. 105, 117, 119, 127);
- the Statement of Reasons (Doc. 136);
- the Change of Plea transcript (Doc. 153);
- the redacted version of the Judgment (Doc. 134) (Doc. 135, which is sealed, contains the signed unredacted Judgment);
- the redacted version of the May 15, 2019 transcript request (Doc. 142) (Doc. 143, which is sealed, contains the signed unredacted transcript request); and
- the Pretrial Services Report (Doc. 39).

Mr. Jesser does not have access to the Defendant Information Sheet (Doc. 37) and the Probation Office's Sentencing Recommendation (Doc. 118), nor did Defendant's previous counsel.

After speaking with the Clerk's Office, the Court called Mr. Jesser to inform him that he had access to every sealed document available to Defendant's counsel in the district court, and informed him that the Court instructed the Clerk's Office to regenerate the Notice of Electronic Filing for each sealed document in order to assist Mr. Jesser in accessing those documents. The Court also confirmed with Mr. Jesser that his request in his Motion was for access to each and every sealed document in this case. This Order follows.

**Requests Related to Defendant Bonk**

Attorney Jesser requests access to the following sealed documents related to Defendant Bonk: 37, 39, 105, 117, 119, 118, 128, 135, 136, 143, and 152

Document 37 is the Defendant Information Sheet, which contains only cursory information about Defendant's address and custody status. Mr. Jesser offers no justification for access to this document, and his request is therefore denied.

Document 39 is the Pretrial Services Report. This report was disclosed to trial counsel, and will be made accessible to appellate counsel.

2

Documents 105, 117, and 119 are Presentence Investigation Reports for Defendant Bonk. Mr. Jesser had access to these documents prior to filing his Motion, and therefore the request is moot. Although not specifically requested, Document 127 is the Third Revised Presentence Investigation Report, and Document 133 is docketed as an "Altered Revised Presentence Investigation Report." Document 127 is available to Mr. Jesser. The Court directs the Clerk's Office to make this document available to Mr. Jesser if he does not already have access to it.

Documents 118 and 128 are Sentencing Recommendations for Defendant Bonk. Sentencing recommendations are confidential and are not disclosed unless otherwise ordered by the presiding judge. *See* CDIL-LR 32.1; *United States v. Laughlin*, 942 F. Supp. 2d 859, 866 (C.D. Ill. 2013). The Court does not believe that Mr. Jesser has made a sufficient showing of need for the sentencing recommendations based on his current Motion.

Document 135 is the original Judgment, which is sealed because it contains the signature of the District Judge. *See* CDIL-LR 49.8. A redacted version is available to Mr. Jesser (Doc. 134), so his request is denied.

Document 136 is the Statement of Reasons for Imposing Sentence. Mr. Jesser had access to this document prior to filing his Motion, and therefore the request is moot.

Documents 143 and 152 are the original signed transcript requests, redacted versions of which are available to Mr. Jesser (Docs. 142, 151). This request is denied.

Document 153 is a transcript which was released on September 3, 2019, but the Clerk's Office granted Mr. Jesser access to this document on August 22, 2019. This request is therefore moot.

**Requests Related to Defendants Kampas and Wood**

Mr. Jesser also requests access to every sealed document related to Defendants Kampas and Wood. Mr. Jesser argues that access is needed to all sealed documents relating to the two codefendants so that counsel can analyze whether a disparate or excessive sentence was imposed in this case. Many of the requested documents are simply original signed versions of publicly available documents. Others, such as sentencing recommendations, are confidential and are not disclosed unless otherwise ordered by the presiding judge. *See* CDIL-LR 32.1; *Laughlin*, 942 F. Supp. 2d at 866. Mr. Jesser also represents in his Motion that "[t]he US Attorney did not provide blanket consent to this motion." Doc. 162, at 1.

"Where judicial records are confidential, the party seeking disclosure …must [ ] make a specific showing of need for access to the document." *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989). Because Mr. Jesser's entitlement to some or all of the sealed documents relating to Defendants Kampas and Wood is not clear and the United States appears to object to the request, the Court will allow the United States 7 days from the date of this Order to file a response to Defendant's Motion. Thereafter, the Court will promptly issue an order.

*It is so ordered.*

Signed on this 5th day of September, 2019.

s/ James E. Shadid
James E. Shadid
United States District Judge

4